By the Court :
It appears from the testimony that the defendant, Speck, has occupied the lot in question several years, and that he has improved it; but there is no evidence of any contract between him and Cooper for a purchase, nor does it appear that any payment has been made, either on account of a purchase, or of a lease. Several of the witnesses state they have heard Cooper say, he would let Speck live on the lot during his life, and that he intended to give it to his daughter Nancy, and it is evident that Speck relied on such a promise when he took possession and made his improvements; but these facts and circumstances make out a different case from that which is stated. The discrepancy is so great as to render it impossible to give relief in any form, under the present bill.
The objection relied on in the argument that the contract, if auy existed, was not in writing, would not, of itself, necessarily bar the complainant from the relief which he seeks. It has become the settled construction of our statute for the prevention of frauds and perjuries, that the delivery *of possession is such a species of part performance as may take a case out of the statute, when the effect of it is not controlled by other facts connected with the case.
Bill dismissed.